IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHERYL N. WALKER, Administrator<br>of Kenneth B. Walker's Estate,<br>and CHERYL N. WALKER, Individually,<br>and CHERYL N. WALKER, Legal<br>Guardian of Kayla Walker,<br>a Dependant Minor | * <br> * <br> * <br> * <br> * <br> * <br> * | |
| Plaintiff, | * | |
| vs. | * <br> * | CIVIL ACTION FILE NO.: 4:04-CV-161 |
| SHERIFF RALPH JOHNSON,<br>in his Official Capacity as Sheriff<br>of Muscogee County, Georgia;<br>DEPUTY DAVID GLISSON,<br>Individually and in His Official<br>Capacity and MUSCOGEE COUNTY, | * <br> * <br> * <br> * <br> * <br> * <br> * | Superior Court of Muscogee County,<br>Georgia, Civil Action File<br>No: SU-2004-CV-4017 |
| Defendants. | * | |

## ANSWER AND DEFENSES OF DAVID GLISSON

COMES NOW Defendant DAVID GLISSON in his official and individual capacity, and without waiving any of the defenses and expressly reserving all such defenses files this Answer and Defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiffs are not entitled to recover because Defendant DAVID GLISSON is not the proximate cause for the decedent's injuries or death, in that the decedent placed himself in the circumstances whereby his accidental death occurred.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Defendant DAVID GLISSON raises each and every affirmative defense required to be pled by Georgia and federal law should said defenses become applicable as this action proceeds. Defendant DAVID GLISSON specifically raises the defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure including standing, capacity of the Plaintiffs to bring this action, assumption of risk and contributory negligence.   Defendant DAVID GLISSON specifically reserve the right to amend this Answer and Defenses with any and all defenses as discovery should dictate.

**FOURTH DEFENSE**

Defendant DAVID GLISSON has not been personally served with a summons or copy of the Complaint, and this Court, therefore, has no personal or subject matter jurisdiction over any claims of Plaintiffs against Defendant DAVID GLISSON .

**FIFTH DEFENSE**

Defendant DAVID GLISSON sued in his individual capacity pleads qualified official immunity which shields him from suit and liability under 42 U.S.C. § 1983 and other applicable law.

**SIXTH DEFENSE**

The Defendant DAVID GLISSON is protected from liability under Georgia law by the doctrines of official immunity in that no official has acted with actual malice so as to injure Plaintiffs' decedent.

## SEVENTH DEFENSE

Defendant DAVID GLISSON sued in his official capacity is shielded from liability under Georgia law by the doctrines of county sovereign immunity and Eleventh Amendment immunity.

## EIGHTH DEFENSE

Under the mandate of the United States Court of Appeals for the Eleventh Circuit in the case of *Grech v. Clayton County,* 335 F.2d 1326 (11th Cir. 2003), Defendant is entitled to immunity under the Eleventh Amendment to the United States Constitution.

## NINTH DEFENSE

Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

1.

Answering the allegations contained in paragraph one of Plaintiff's Complaint, Defendant DAVID GLISSON admits only that Plaintiffs seek an amount in excess of the jurisdictional requirement contained 28 U.S.C. § 1332.  Except as expressly admitted or qualified herein, the allegations in said paragraph are denied.

2.

Answering the allegations contained in paragraph two of Plaintiff's Complaint, Defendant DAVID GLISSON admits only that Plaintiffs seek to bring this law suit pursuant to the identified law. Except as expressly or qualified herein Defendant Sheriff denies that Plaintiffs are entitled to recover damages pursuant to 42 U.S.C. § 1983, or the Fourth and Fourteenth Amendments to

United States Constitution and therefore the allegations of said paragraph are denied..

3.

Defendant DAVID GLISSON admits the allegations of paragraph three of Plaintiff's Complaint but Defendant DAVID GLISSON specifically denies any and all liability to Plaintiffs.

4.

Defendant DAVID GLISSON has knowledge to either admit nor deny the allegations of paragraph four and therefore denies paragraph four of Plaintiffs' Complaint.

5.

Answering the allegations contained in paragraph five of Plaintiffs' Complaint, Defendant DAVID GLISSON denies that any cause of action arose against Defendant DAVID GLISSON in Muscogee County, Georgia, however Defendant DAVID GLISSON does not object to venue within this judicial district and division. Defendant DAVID GLISSON further denies any and all liability to Plaintiffs.

6.

Defendant DAVID GLISSON is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of Plaintiffs' Complaint but specifically denies any and all liability to Plaintiffs.

7.

Defendant DAVID GLISSON has neither knowledge or information sufficient to form a belief as to the truth of the validity and claims set forth in paragraph seven and therefore denies said claims along with any and all liability in any amount to Plaintiffs.

8.

Paragraph eight of Plaintiffs' Complaint contains a statement of law to which no response

of Defendant DAVID GLISSON is required.   Defendant DAVID GLISSON deny that sovereign

immunity is waived in this case and contend that they are protected from liability under the

doctrine of Sovereign Immunity.   Except as expressly qualified herein, Defendant DAVID

GLISSON  denies the allegations contained in paragraph eight of Plaintiffs' Complaint.

9.

With respect to the allegations in paragraph nine, Defendant DAVID GLISSON admits

employed as a Muscogee County Sheriff's Deputy at the time relevant to this Complaint, but

denies the remaining allegations as set forth in paragraph nine, though the Defendant DAVID

GLISSON does not object to the venue and jurisdiction of this Court.

10.

Defendant DAVID GLISSON admits that he was acting as a Muscogee County Sheriff's

Deputy during the events relevant to this law suit. Defendant DAVID GLISSON shows that he is

not a resident of Columbus, Georgia and therefore denies the remaining allegations contained in

paragraph ten.

11.

With respect to paragraph eleven Defendant DAVID GLISSON has neither knowledge or

information sufficient to form a belief as to the truth of the allegations contained therein and

therefore denies the allegations and denies any liability to Plaintiffs.

**FACTUAL BACKGROUND**

12.

With respect toe the allegations contained in paragraph twelve, Defendant DAVID

GLISSON acknowledges that he was employed by the Muscogee County Sheriff's Office on

December 10, 2003 at approximately 9:00 O'Clock p.m.  Defendant DAVID GLISSON avers

that he was summoned from home as part of the Muscogee County Sheriff's Department special

response team to assist the METRO Narcotics Task Force in a drug investigation.  Defendant

DAVID GLISSON, shows that he was summoned to the parking lot of Logan's Steak House

where this special response team was to gather before assisting the METRO Narcotics Squad in

investigation of an apartment in Northwood Apartments on Armour Road, which had been the

site of drug dealings earlier in the day.  Defendant DAVID GLISSON admits he later he

participated in the stop and search of a GMC Yukon on I-185, said vehicle having been seen

coming from the site of the investigation of earlier drug deals.

13.

    With respect to the allegations in paragraph thirteen, Defendant DAVID GLISSON shows

that there was sufficient evidence and information that the passengers in the vehicle stop were

engaged in unlawful activity and there was probable cause to stop the vehicle.  Defendant

DAVID GLISSON shows that a reliable informant had given information which resulted in

previous arrest coming out of the apartment from which the GMC Yukon had come.

Furthermore the occupants of the vehicle had been seen carrying a package into the apartment

after having been informed that the occupant of the apartment was temporarily out of drugs but

would have another shipment coming soon.  Agents observed the occupants of the GMC all enter

and then leave the apartment complex.  The GMC Yukon fit the general description of the

vehicle given by the informant which was to be used by the people delivering the drugs.  The

Yukon and its' occupants had just left the drug scene followed by agents when the special

response team was alerted to fall in behind the METRO agents to assist if necessary.

Furthermore the information received by the METRO Narcotics Squad   and transmitted to the

special response team was that the individuals which would be delivering the drugs in a Yukon styled vehicle were heavily armed and very dangerous.

14.

Defendant DAVID GLISSON, in his capacity as a Muscogee County Deputy Sheriff and a member of the special response team, drew the assignment of approaching the right rear passenger door of the vehicle.  Then Defendant DAVID GLISSON opened the door Kenneth Walker was ordered to remove himself from the vehicle and did not do so as ordered.  Defendant DAVID GLISSON shows that the members of the special response team are given no information about the race of the individuals in the Yukon.  Though the facts did later reveal that the occupants of the vehicle were in fact African American males.

15.

With respect to the allegations in paragraph fifteen Defendant DAVID GLISSON specifically denies the allegations as set forth in paragraph fifteen.  Defendant DAVID GLISSON shows that Walker had been placed on the ground but had refused to remove a hand from underneath him.  Defendant DAVID GLISSON shows that he was in a position in closes contact with Walker when Walker made a move which caused Defendant DAVID GLISSON to loose his balance.  As Defendant DAVID GLISSON was regaining his balance, Defendant DAVID GLISSON shows that the gun which was held in close range to Mr. Walker accidently discharged.

16.

Defendant DAVID GLISSON shows that Walker had been slow to follow the commands given by Defendant DAVID GLISSON , and further that Defendant DAVID GLISSON had reasonable belief that Defendant Walker was armed and dangerous.  Defendant DAVID

GLISSON denies the remaining allegations as set forth in the paragraph.

17.

With respect to paragraph seventeen, Defendant DAVID GLISSON specifically objects to the characterization of the death of Kenneth Walker as an execution. Defendant DAVID GLISSON was in such a state of shock after his weapon had discharged that he has neither sufficient knowledge or information as to whether an exhausted search of the GMC Yukon ever occurred regarding the presence of any weapons or additional contraband. Defendant DAVID GLISSON specifically objects to any other characterizations not admitted to contained in paragraph seven.

18.

Defendant DAVID GLISSON did not participate in the search of the vehicle nor of the other persons in the vehicle and therefor has neither sufficient information or knowledge upon which to base a belief of paragraph eighteen.

19.

Defendant DAVID GLISSON did not participate in any further search of Kenneth Walker or of the vehicle and therefore has neither information nor knowledge upon which to form a belief as to the allegations in paragraph nineteen. Defendant DAVID GLISSON does show that illegal drugs were found in the system of Kenneth Walker after his death. Defendant DAVID GLISSON further shows that alcohol was also found in the system of Kenneth Walker.

20.

With respect to the allegations in paragraph twenty Defendant DAVID GLISSON mdid not participate in any further search of the vehicle and therefore has insufficient knowledge which to base a belief as to the truth in paragraph twenty.

21.

Defendant DAVID GLISSON shows that all times relevant to this Complaint, Kenneth Walker did not comply as ordered as the other occupants of the vehicle did when told to remove themselves from the vehicle. Defendant DAVID GLISSON further shows that Kenneth Walker did not comply with commands of law enforcement to display his hands openly.

22.

Defendant DAVID GLISSON shows that at the time relevant to this Complaint Kenneth Walker was a suspect in an ongoing drug operation which had been monitored by the METRO Narcotics Squad during the day. Defendant DAVID GLISSON has neither information nor knowledge upon which to form a belief regarding Kenneth Walker's criminal record.

23.

Defendant DAVID GLISSON objects to the characterization of the incident as an unprovoked shooting into the head of Kenneth Walker, but further shows that Defendant DAVID GLISSON was in a state of shock after the discharge of his weapon and has neither information nor knowledge upon which to form a belief regarding the remaining allegations contained in paragraph twenty three.

24.

Defendant DAVID GLISSON denies the allegations as set forth in paragraph twenty four and denies any liability to the Plaintiffs thereunder.

**COUNT I**

25.

Answering the allegations contained in paragraph twenty five of Plaintiffs' Complaint

(wherein the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1 through 24 of the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his previous responses to paragraphs 1 through 24 as if fully set forth herein.

26.

Defendant DAVID GLISSON admits the allegations of paragraph twenty six upon his complaint but denies any and all liability or responsibility to the Plaintiffs.

27.

Defendant DAVID GLISSON denies the allegations of paragraph twenty seven of Plaintiffs' Complaint, and further objects to the characterization of the death of Kenneth Walker as an execution.

28.

Defendant DAVID GLISSON specifically denies the allegations of paragraph twenty eight of Plaintiffs' Complaint and further objects to the characterization of the death of Kenneth Walker as an execution.

29.

Defendant DAVID GLISSON denies the allegations as set forth in paragraph twenty nine of Plaintiffs' Complaint.

30.

Defendant DAVID GLISSON specifically denies the allegations set forth in paragraph thirty of Plaintiffs' Complaint and further objects to the characterization of the events of that evening as an execution.

31.

Defendant DAVID GLISSON denies the allegations of paragraph thirty one of Plaintiffs'

Complaint.

32.

Defendant DAVID GLISSON denies the allegations contained in paragraph thirty two of Plaintiffs' Complaint.

33.

Defendant DAVID GLISSON denies the allegations contained in paragraph thirty three of Plaintiffs' Complaint.

**COUNT II**

34.

Answering the allegations contained in paragraph thirty four of Plaintiffs' Complaint (wherein the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1 through 33 of the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his previous responses to paragraphs 1 through 33 as if fully set forth herein.

35.

Defendant DAVID GLISSON denies the allegations contained in paragraph thirty five of Plaintiffs' Complaint.

36.

Defendant DAVID GLISSON denies the allegations of paragraph thirty six of Plaintiffs' Complaint.

37.

Defendant DAVID GLISSON denies the allegations of paragraph thirty seven of Plaintiffs' Complaint.

38.

Defendant DAVID GLISSON denies the allegations of paragraph thirty eight of

Plaintiffs' Complaint.

39.

Defendant DAVID GLISSON denies the allegations of paragraph thirty nine of Plaintiffs'

Complaint.

40.

Defendant DAVID GLISSON denies the allegations of paragraph forty of Plaintiffs'

Complaint.

41.

Defendant DAVID GLISSON denies the allegations of paragraph forty one of Plaintiffs'

Complaint.


**COUNT III**

42.

Answering the allegations contained in paragraph thirty four of Plaintiffs' Complaint

(wherein the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1

through 41 of the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his

previous responses to paragraphs 1 through 41 as if fully set forth herein.

43.

Defendant DAVID GLISSON denies the allegations of paragraph forty three of Plaintiffs'

Complaint.

44.

Defendant DAVID GLISSON denies the allegations of paragraph forty four of Plaintiffs'
Complaint.

45.

Defendant DAVID GLISSON denies the allegations of paragraph forty five of Plaintiffs'
Complaint.

46.

Defendant DAVID GLISSON denies the allegations of paragraph forty six of Plaintiffs'
Complaint.

47.

Defendant DAVID GLISSON denies the allegations of paragraph forty seven of
Plaintiffs' Complaint.

48.

Defendant DAVID GLISSON denies the allegations of paragraph forty eight of Plaintiffs'
Complaint.

49.

Defendant DAVID GLISSON denies the allegations of paragraph forty nine of Plaintiffs'
Complaint.

50.

Defendant DAVID GLISSON denies the allegations of paragraph fifty of Plaintiffs'
Complaint.

**COUNT IV**

51.

Answering the allegations contained in paragraph thirty four of Plaintiffs' Complaint (wherein the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1 through 50 of the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his previous responses to paragraphs 1 through 50 as if fully set forth herein.

52.

The allegations in paragraph fifty two of Plaintiffs' Complaint call for a legal conclusion which is not required from Defendant DAVID GLISSON.   Further answering the allegation contained in said paragraph fifty two of Plaintiffs' Complaint, Defendant DAVID GLISSON denies any and all liability and responsibility to Plaintiffs set forth therein.

53.

The allegations in paragraph fifty three of Plaintiffs' Complaint call for a legal conclusion which is not required from Defendant DAVID GLISSON.   Further answering the allegation contained in said paragraph fifty three of Plaintiffs' Complaint, Defendant DAVID GLISSON denies any and all liability and responsibility to Plaintiffs set forth therein.

54.

Defendant DAVID GLISSON denies the allegations of paragraph fifty four of Plaintiffs' Complaint. Defendant DAVID GLISSON further shows that Kenneth Walker had not complied with the order to remove himself from the Yukon and had to be forcibly assisted in his removal. Furthermore Defendant Walker had refused to display his hands and was believed to be a dangerous drug dealer who was heavily armed at the time.

55.

The allegations in paragraph fifty five of Plaintiffs' Complaint call for a legal conclusion which is not required from Defendant DAVID GLISSON.   Further answering the allegation contained in said paragraph fifty five of Plaintiffs' Complaint, Defendant DAVID GLISSON denies any and all liability and responsibility to Plaintiffs for the matters set forth therein.

56.

The allegations in paragraph fifty six of Plaintiffs' Complaint call for a legal conclusion which is not required from Defendant DAVID GLISSON.   Further answering the allegation contained in said paragraph fifty six of Plaintiffs' Complaint, Defendant DAVID GLISSON denies any and all liability and responsibility to Plaintiffs for the matters set forth therein.

57.

The allegations in paragraph fifty seven of Plaintiffs' Complaint call for a legal conclusion which is not required from Defendant DAVID GLISSON.   Further answering the allegation contained in said paragraph fifty seven of Plaintiffs' Complaint, Defendant DAVID GLISSON denies any and all liability and responsibility to Plaintiffs for the matters set forth therein.

58.

The allegations in paragraph fifty eight of Plaintiffs' Complaint call for a legal conclusion which is not required from Defendant DAVID GLISSON.   Further answering the allegation contained in said paragraph fifty eight of Plaintiffs' Complaint, Defendant DAVID GLISSON denies any and all liability and responsibility to Plaintiffs for the matters set forth therein.

59.

The allegations in paragraph fifty nine of Plaintiffs' Complaint call for a legal conclusion which is not required from Defendant DAVID GLISSON.   Further answering the allegation contained in said paragraph fifty nine of Plaintiffs' Complaint, Defendant DAVID GLISSON denies any and all liability and responsibility to Plaintiffs for the matters set forth therein.

**COUNT V**

60.

Answering the allegations contained in paragraph sixty of Plaintiffs' Complaint (wherein the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1 through 59 of the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his previous responses to paragraphs 1 through 59 as if fully set forth herein.

61.

Defendant DAVID GLISSON admits the allegations of paragraph sixty one of Plaintiffs' Complaint but denies any and all liability or responsibility to Plaintiffs.

62.

Defendant DAVID GLISSON denies the allegations of paragraph sixty two of Plaintiffs' Complaint and further specifically objects to the characterization of the death of Kenneth Walker as an execution.

63.

Defendant DAVID GLISSON denies the allegations of paragraph sixty three of Plaintiffs' Complaint.   Defendant DAVID GLISSON specifically shows that Mr. Walker had failed to comply with the directions of the deputies and based upon information and belief posed a danger

to Defendant DAVID GLISSON and to other members of the investigative team at that time.

Defendant DAVID GLISSON specifically objects to the characterization of the death of Kenneth

Walker as an execution.

64.

Defendant DAVID GLISSON denies the allegations of paragraph sixty four of Plaintiffs'

Complaint and further specifically objects to the inflammatory language of describing the death

of Mr. Walker as an execution.

65.

Defendant DAVID GLISSON denies the allegations of paragraph sixty five of Plaintiffs'

Complaint.

66.

Defendant DAVID GLISSON denies the allegations of paragraph sixty six of Plaintiffs'

Complaint.

**COUNT VI**

67.

Answering the allegations contained in paragraph sixty of Plaintiffs' Complaint (wherein

the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1 through 66 of

the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his previous responses

to paragraphs 1 through 66 as if fully set forth herein.

68.

Defendant DAVID GLISSON denies the allegations of paragraph sixty eight of Plaintiffs'

Complaint.

69.

Defendant DAVID GLISSON denies the allegations of paragraph sixty nine of Plaintiffs' Complaint.

## COUNT VII

70.

Answering the allegations contained in paragraph sixty of Plaintiffs' Complaint (wherein the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1 through 69 of the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his previous responses to paragraphs 1 through 69 as if fully set forth herein.

71.

Defendant DAVID GLISSON asserts that at all times he operated himself fully within the guidelines of any duties owed to Plaintiff.  However with respect to specific characterizations of the duty of care, Defendant DAVID GLISSON asserts that this calls for a legal conclusion beyond the ability of Defendant DAVID GLISSON to answer and therefore denies as pled.

72.

Defendant DAVID GLISSON is not required to answer this as it calls for a legal conclusion beyond the scope of his ability to answer, and therefore specifically denies each and every allegation contained in paragraph seventy two.

73.

Defendant DAVID GLISSON shows that the time and place of the accidental shooting of Kenneth Walker, that Deputy Glisson was in a state of shock and was removed from the scene himself.  Deputy Glisson shows that he was incapable of offering assistance to Kenneth Walker

or to participating in the further investigation after the accidental discharge of his gun.

74.

Defendant DAVID GLISSON denies as pled and demands strict proof thereof.

75.

Defendant DAVID GLISSON denies the allegations set forth in paragraph seventy five of the Plaintiffs' Complaint and denies liability to the Plaintiffs.

**COUNT VIII**

76.

Answering the allegations contained in paragraph sixty of Plaintiffs' Complaint (wherein the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1 through 75 of the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his previous responses to paragraphs 1 through 75 as if fully set forth herein.

77.

Defendant DAVID GLISSON has neither knowledge or information upon which to base a response to paragraph seventy seven and therefore denies the allegations contained therein and denies all liability to Plaintiffs.

78.

Defendant DAVID GLISSON has neither knowledge or information upon which to base a response to paragraph seventy eight and therefore denies the allegations contained therein and denies all liability to Plaintiffs.

79.

Paragraph seventy nine calls for legal conclusions beyond the ability of Defendant

DAVID GLISSON to answer, and therefore the allegations are denied and Defendant DAVID

GLISSON denies any and all liability to Plaintiffs.

## COUNT IX

### 80.

Answering the allegations contained in paragraph sixty of Plaintiffs' Complaint (wherein

the Plaintiffs re-allege and incorporate by reference the averments of paragraphs 1 through 79 of

the Complaint), Defendant DAVID GLISSON re-alleges and incorporates his previous responses

to paragraphs 1 through 79 as if fully set forth herein.

### 81.

Defendant DAVID GLISSON has neither knowledge or information upon which to base a

response to paragraph eighty one and therefore denies the allegations contained therein.

### 82.

Defendant DAVID GLISSON has neither knowledge or information upon which to base a

response to paragraph eighty two and therefore denies the allegations contained therein .

### 83.

Defendant DAVID GLISSON has neither knowledge or information upon which to base a

response to paragraph eighty three and therefore denies the allegations contained therein.

## DAMAGES COMMON TO ALL COUNTS

### 84.

Defendant DAVID GLISSON is without information or knowledge upon which to form a

belief as to the truth of the allegations contained in paragraph eighty four of the Plaintiffs'

Complaint and therefore denies each and every material allegation and denies any liability to the Plaintiffs in the case.

85.

Defendant DAVID GLISSON is without information or knowledge upon which to form a belief as to the truth of the allegations contained in paragraph eighty five of the Plaintiffs' Complaint and therefore denies each and every material allegation and denies any liability to the Plaintiffs in the case.

86.

Defendant DAVID GLISSON is without information or knowledge upon which to form a belief as to the truth of the allegations contained in paragraph eighty six of the Plaintiffs' Complaint and therefore denies each and every material allegation and denies any liability to the Plaintiffs in the case.

87.

Defendant DAVID GLISSON is without information or knowledge upon which to form a belief as to the truth of the allegations contained in paragraph eighty seven of the Plaintiffs' Complaint and therefore denies each and every material allegation and denies any liability to the Plaintiffs in the case.

88.

Defendant DAVID GLISSON is without information or knowledge upon which to form a belief as to the truth of the allegations contained in paragraph eighty eight of the Plaintiffs' Complaint and therefore denies each and every material allegation and denies any liability to the Plaintiffs in the case.

89.

Defendant DAVID GLISSON is without information or knowledge upon which to form a belief as to the truth of the allegations contained in paragraph eighty nine of the Plaintiffs' Complaint and therefore denies each and every material allegation and denies any liability to the Plaintiffs in the case.

90.

Defendant DAVID GLISSON denies the allegations as pled in paragraph ninety of the Plaintiffs' Complaint and demands strict proof thereof.

91.

Defendant DAVID GLISSON denies the allegations as pled in paragraph ninety one of the Plaintiffs' Complaint and demands strict proof thereof.

92.

Defendant DAVID GLISSON denies the allegations in paragraph ninety two of the Plaintiffs' Complaint.

93.

Defendant DAVID GLISSON denies the allegations in paragraph ninety three of the Plaintiffs' Complaint.

**DEMAND FOR ATTORNEYS' FEES AND COSTS**

Defendant DAVID GLISSON denies any and all liability whatsoever to Plaintiffs for the matters contained in the Plaintiffs' Complaint.  Therefore, Defendant DAVID GLISSON denies that Plaintiffs are entitled to attorneys' fees and costs as alleged.

## DEMAND FOR A JURY TRIAL

Answering the allegations contained in Plaintiffs' demand for a jury trial Defendant DAVID GLISSON admits that Plaintiffs seek a jury trial in this case.  Except as expressly admitted herein, Defendant DAVID GLISSON denies that Plaintiffs' Complaint states a claim against Defendant DAVID GLISSON for which Plaintiffs are entitled to a jury trial.

94.

All allegations not specifically admitted or otherwise responded above are denied, as is any liability to Plaintiffs.

WHEREFORE, Defendant Glisson prays for the following relief:

(a) That Plaintiffs' Complaint be dismissed with prejudice;

(b) That judgment be entered in favor of Defendant Glisson on all claims asserted in the Complaint;

(c) That costs be assessed against Plaintiffs; and

(d) that Defendant Glisson have such other and further relief as this Court may deem equitable and proper.

This 21st day of January, 2005.

s/ Richard C. Hagler
RICHARD C. HAGLER
Attorney for Defendant David Glisson

HAGLER & HYLES
P. O. Box 2055
927 Third Avenue
Columbus, Georgia  31902
State Bar # 316850

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHERYL N. WALKER, Administrator | * | |
| of Kenneth B. Walker's Estate, | * | |
| and CHERYL N. WALKER, Individually, | * | |
| and CHERYL N. WALKER, Legal | * | |
| Guardian of Kayla Walker, | * | |
| a Dependant Minor | * | |
| | * | |
|    Plaintiff, | * | |
| vs. | * | CIVIL ACTION FILE NO.: 4:04-CV-161 |
| | * | |
| SHERIFF RALPH JOHNSON, | * | |
| in his Official Capacity as Sheriff | * | |
| of Muscogee County, Georgia; | * | Superior Court of Muscogee County, |
| DEPUTY DAVID GLISSON, | * | Georgia, Civil Action File |
| Individually and in His Official | * | No: SU-2004-CV-4017 |
| Capacity and MUSCOGEE COUNTY, | * | |
| | * | |
|    Defendants. | * | |

## CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: _____. I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

      James C. Clark, Jr.
      1111 Bay Avenue
      Third Floor
      Columbus, Georgia 31901

      Clifton C. Fay
      Post Office Box 1340
      Columbus, Georgia 31902

      Jaimie B. DeLoach
      Post Office Box 1340
      Columbus, Georgia 31901

William C. Campbell
Gary, Williams, Parenti, Finney, Lewis
McManus, Watson & Sperando, P.L.
221 E. Osceola Street
Stuart, FL 34994

Respectfully submitted,

s/ Richard C. Hagler
Richard C. Hagler
HAGLER & HYLES
P. O. Box 2055
927 Third Avenue
Columbus, Ga. 31902
706-324-0882
Fax: 706-324-0839
State Bar # 316850