IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHERYL N. WALKER, Administrator      *
of Kenneth B. Walker's Estate, and   *
CHERYL N. WALKER, Individually,      *
and CHERYL N. WALKER, Legal          *
Guardian of Kayla Walker,            *
a Dependant Minor,                   *      CASE NO. 4:04-CV-161
                                     *       (CDL)
                                     *
        Plaintiff,                   *
                                     *
                                     *      [Removed from the
                                     *      Superior Court of
                                     *      Muscogee County
SHERIFF RALPH JOHNSON,               *      Civil Action No.
Individually                         *      No. SU-04-CV-4014]
and in his official capacity as      *
Sheriff of Muscogee County,          *
Georgia; DEPUTY DAVID GLISSON,       *
Individually and in his official     *
capacity as Sheriff's Deputy of      *
Muscogee County;                     *
MUSCOGEE COUNTY, GEORGIA; CAPTAIN    *
TROY CULPEPPER, Individually;        *
SERGEANT FELIX DAVILA,               *
Individually; SERGEANT RICKY         *
STINSON, Individually and in his     *
official Capacity as Metro           *
Narcotics Task Force Special         *
Agent in Charge; SERGEANT JAMES      *
PRICE, III, Individually and in      *
his official capacity as an agent    *
of the Metro Narcotics Task Force;   *
SERGEANT JASON WHITTEN,              *
Individually and in his official     *
capacity as an agent of the Metro    *
Narcotics Task Force; JODY           *
WILLIFORD, Individually and in his   *
official Capacity as an agent of     *
the Metro Narcotics Task Force;      *
JONNIE ELLERBEE, Individually and    *
in his official Capacity as an       *

1

agent of the Metro Narcotics Task    *
Force; JONATHAN MEMMO,               *
Individually and in his official    *
capacity as an agent of the Metro   *
Narcotics Task Force; ROBERT         *
TAYLOR, Individually; JEFF FEGREUS,*
Individually; RUSSELL "RUSTY"        *
BLAIR, Individually; BRUCE           *
WILLIAMS, Individually; BRIAN        *
MOORE, Individually; and the        *
CITY OF COLUMBUS, GEORGIA, a         *
Consolidated government,             *
                                     *
    Defendants.                      *

<u>AMENDED COMPLAINT</u>

COMES NOW, plaintiff Cheryl N. Walker, as Administrator of

Kenneth B. Walker's Estate; Cheryl N. Walker, Individually;

Cheryl N. Walker, Legal Guardian of Kayla Walker, by and through

the undersigned attorneys, file this Complaint against the

Defendants, Sheriff Ralph Johnson, individually and in his

official capacity as Sheriff of Muscogee County; Deputy David

Glisson, individually and in his official capacity as Sheriff's

Deputy of Muscogee County; Muscogee County, Georgia; Captain

Troy Culpepper, individually; Sergeant Felix Davila,

individually; Sergeant Ricky Stinson, individually and in his

official capacity as Metro Narcotics Task Force Special Agent in

Charge; Sergeant James Hamilton Price, III, individually and in

his official capacity as an agent of the Metro Narcotics Task

Force; Sergeant Jason Whitten, individually and in his official

capacity as an agent of the Metro Narcotics Task Force; Jody
Williford, individually and in his official capacity as an
agent of the Metro Narcotics Task Force; Jonnie Ellerbee,
individually and in his official capacity as an agent of the
Metro Narcotics Task Force; Jonathan Memmo, individually and in
his official capacity as an agent of the Metro Narcotics Task
Force; Robert Taylor, individually; Jeff Fegreus, individually;
Russell "Rusty" Blair, individually; Bruce Williams,
individually; Brian Moore, individually; and the City of
Columbus, Georgia, a consolidated government, and allege the
following:

**STATEMENT OF THE CASE**

1.

Plaintiff brings this civil action under the Fourth and
Fourteenth Amendments to the United States Constitution pursuant
to 42 U.S.C. §§ 1983, 1985 and 1988, as well as the Georgia
Constitution and tort law, seeking relief from the Defendants'
inadequate investigation, unlawful detention, and excessive use
of force that caused the death of Kenneth B. Walker.  The
actions of these defendants jointly and/or individually violated
the rights, privileges, and immunities of Plaintiff and her

decedent as secured by the Constitution of the United States and Georgia law.

## JURISDICTION AND VENUE

### 2.

This action is brought for damages and other appropriate relief within the jurisdictional limits of this court.   On December 21, 2004, Defendants Sheriff Johnson, Glisson and Muscogee County voluntarily removed this lawsuit to federal court pursuant to 28 U.S.C. § 1441.

### 3.

The cause of action arose in Muscogee County, Georgia, and one or more of the Defendants reside in Muscogee County, Georgia.  Since Defendants removed this lawsuit to federal court, venue is governed by 28 U.S.C. § 1391 and Local Rule 3.4, M.D.Ga.

## PARTIES

### 4.

Plaintiff's decedent Kenneth B. Walker was an African-American adult male who resided in Muscogee County, Georgia.

### 5.

At all times material, the Plaintiff resided in Muscogee County, Georgia.  As the decedent's surviving spouse, Plaintiff

Cheryl Walker brings this action for Kenneth B. Walker's wrongful death on behalf of all individuals entitled to claim under the estate of Kenneth B. Walker.  Plaintiff Cheryl Walker brings this action for Kenneth B. Walker's wrongful death as legal guardian of Kayla Walker, a dependent minor.  As administrator of decedent's estate, Plaintiff seeks to recover for the deprivation of Mr. Walker's constitutional and state law rights.

6.

The Defendant Muscogee County is a recognized legal entity subject to the jurisdiction and venue of this Court.  Additionally, Muscogee County is a participant in the Metro Narcotics Task Force.

7.

At all times pertinent to this Complaint, Defendant Ralph Johnson, as Sheriff of Muscogee County, (hereinafter "Sheriff" or "Sheriff Johnson") operated and administered the Muscogee County Sheriff's Department and had supervisory and policy-making duties.  The Defendant Sheriff may be served by serving Ralph Johnson, Sheriff of Muscogee County, Georgia, at 100 Tenth Street, Columbus, Georgia 31902.  Plaintiff sues Sheriff Johnson in both his individual and official capacities.

8.

Sheriff Johnson and Muscogee County were placed on notice of these claims in February, 2004, by serving Sheriff Ralph Johnson, an official with the Muscogee County Sheriff's Department, with written Ante Litem Notice, pursuant to O.C.G.A. § 36-11-1.

9.

Defendant, Deputy David Glisson (hereinafter "Glisson"), at all times relevant to this Amended Complaint was a Muscogee County Sheriff's Deputy and is subject to the jurisdiction of this Court.  Plaintiff sues Deputy Glisson in his individual and official capacities.

10.

At all times relevant to this Amended Complaint, Glisson was acting within the course and scope of his employment as a Muscogee County Sheriff's Deputy.  The Defendant, Deputy David Glisson, may be served at his residence in Columbus, Georgia 31902.

11.

At all times relevant to this Complaint, Captain Troy Culpepper was acting within the course and scope of his employment as administrator for the Muscogee County Sheriff's

Office Special Response Team (SRT) and had supervisory and policy-making duties. Captain Culpepper is named in his individual capacity.

12.

At all times relevant to this Complaint, Sergeant Felix Davila was acting within the course and scope of his employment as the supervisor for the Muscogee County Sheriff's Office Special Response Team (SRT) and had supervisory and policy-making duties. Sgt. Davila is named in his individual capacity.

13.

At all times relevant to this Complaint, Sergeant Ricky Stinson was acting within the course and scope of his employment as the Special Agent in Charge of the Metro Narcotics Task Force assigned by the Columbus Police Department. As such, he had supervisory and policy-making duties. Sgt. Stinson is named in his individual and official capacities.

14.

At all times relevant to this Complaint, Sergeant James Hamilton Price, III, was acting within the course and scope of his employment as an agent of the Metro Narcotics Task Force assigned by the Harris County Sheriff's Office. As such, he had

supervisory and policy-making duties.   Sgt. Price is named in his individual and official capacities.

15.

At all times relevant to this Complaint, Sergeant Jason Whitten, was acting within the course and scope of his employment as an agent of the Metro Narcotics Task Force assigned by the Phenix City, Alabama, Police Department.   As such, he had supervisory and policy-making duties.   Sgt. Whitten is named in his individual and official capacities.

16.

At all times relevant to this Complaint, Agent Jody Williford, was acting within the course and scope of his employment as an agent of the Metro Narcotics Task Force assigned by the Russell County, Alabama, Sheriff's Office. Agent Williford is named in his individual and official capacities.

17.

At all times relevant to this Complaint, Agent Jonnie Ellerbee, was acting within the course and scope of his employment as an agent of the Metro Narcotics Task Force assigned by the Muscogee County Sheriff's Office.   Agent Ellerbee is named in his individual and official capacities.

18.

At all times relevant to this Complaint, Agent Jonathan Memmo, was acting within the course and scope of his employment as an agent of the Metro Narcotics Task Force assigned by the Columbus Police Department.   Agent Memmo is named in his individual and official capacities.

19.

At all times relevant to this Complaint, Deputy Robert Taylor, was acting within the course and scope of his employment as a member of the Muscogee County Sheriff's Office Special Response Team.  Deputy Taylor is named individually.

20.

At all times relevant to this Complaint, Reserve Deputy Jeff Fegreus was acting within the course and scope of his employment as a medic with the Muscogee County Sheriff's Office Special Response Team.  Deputy Fegreus is named individually.

21.

At all times relevant to this Complaint, Deputy Russell "Rusty" Blair was acting within the course and scope of his employment as a member of the Muscogee County Sheriff's Office Special Response Team.  Deputy Blair is named individually.

22.

At all times relevant to this Complaint, Deputy Bruce Williams was acting within the course and scope of his employment as a Deputy with the Muscogee County Sheriff's Office.  Deputy Williams is named individually.

23.

At all times relevant to this Complaint, Deputy Brian Moore was acting within the course and scope of his employment as a Deputy with the Muscogee County Sheriff's Office.  Deputy Moore is named individually.

24.

Defendant Columbus, Georgia at all times relevant to this Complaint is a local government within the State of Georgia and as chartered by the State of Georgia, is consolidated and combined with Muscogee County, Georgia, and is engaged, *inter alia*, in the operation of the Sheriff's Department of Muscogee County and is subject to the jurisdiction and venue of this court.  Additionally, Columbus, Georgia is a participant in the Metro Narcotics Task Force.

## FACTUAL BACKGROUND

25.

The Metro Narcotics Task Force is a bi-state multi-jurisdictional task force responsible for the deterrence and suppression of major crimes within its jurisdictional boundaries. The Task Force is supervised by the Special Agent in Charge and is accountable to the Chief Executive Committee (CEO Board), which consists of the Sheriff of Muscogee County, the Chief of the Columbus Police Department, the Sheriff of Russell County, the Chief of the Phenix City, Alabama Police Department, and the Sheriff of Harris County.

26.

In the course of drug-related surveillance, the named Defendants jointly and/or individually failed to establish legal cause to support the decision to effect a traffic stop of a vehicle driven by Warren Beaulah in which Plaintiff's decedent was a passenger. Defendants' failure to consider all available evidence or to rely on reasonably trustworthy information demonstrates deliberate indifference and bad faith. Based on the totality of the circumstances, the traffic stop was not lawful.

27.

On December 10, 2003, at approximately 9:00 p.m., agents of the Muscogee County Sheriff's Department and/or the Metro Narcotics Task Force, at the direction of Defendant Stinson and the Metro Narcotics Task Force, initiated a traffic stop and pulled over a GMC Yukon with a Muscogee County, Georgia license plate on Interstate 185 in Columbus, Muscogee County, Georgia.

28.

At the time of the stop, there was no evidence or information that any of the passengers in the vehicle were engaged in unlawful activity, nor was there any reasonable suspicion to initiate the stop of the vehicle. Rather, these Defendants jointly and/or individually were engaged in the unlawful practice of racial profiling or other unconstitutional behavior.

29.

Glisson, who was acting within the scope of his employment with Sheriff and as a Metro Narcotics Task Force member, pulled Kenneth B. Walker, a thirty-nine year old African-American male, from the rear passenger door of the Yukon at gunpoint. All of the occupants of the vehicle were African-American males.

30.

As other members of the Muscogee County Sheriff's Department, with members of the Metro Narcotics Task Force, surrounded the vehicle, Kenneth B. Walker did not possess any weapon.  No weapon was visible to Glisson or other law enforcement officers at the time he fired his weapon at Mr.Walker.  After Kenneth B. Walker's execution, an exhaustive search of the GMC Yukon from which Kenneth B. Walker and others were removed produced absolutely no weapons.

31.

After pulling Kenneth B. Walker from the vehicle, and without legal justification or immediate danger of serious physical injury, Deputy Glisson executed Kenneth B. Walker by shooting him in the head twice at close range.

32.

When Deputy Glisson fired the bullets into Kenneth B. Walker's head, his use of deadly force was objectively unreasonable in light of the facts and circumstances confronting him.  Deputy Glisson gave no warning to Kenneth B. Walker prior to firing the bullets into Kenneth B. Walker's head.

33.

No other passenger in the vehicle possessed a weapon.

13

34.

No drugs or any illegal contraband were found on Kenneth B. Walker.  No drugs or any illegal contraband were found in the possession of any of the other occupants of the vehicle.

35.

No drugs or any other illegal contraband were found in the vehicle after an exhaustive search.

36.

At no time relevant to this Complaint did Kenneth B. Walker present an immediate danger of serious physical injury or death to any Defendant or to any member of the public.

37.

At no time relevant to this Complaint was Kenneth B. Walker a suspect in any crime nor did he have a criminal record.

38.

After the unprovoked shooting into the head of Kenneth B. Walker, Mr. Walker was left on the ground for at least two minutes without medical attention or assistance from Deputy Glisson or any other officer on the scene.

39.

The fatal shooting of Kenneth B. Walker was made under the color of Georgia law pursuant to the authority of the Defendants.

## COUNT I

### VIOLATION OF 42 U.S.C. § 1983: DEPRIVATION OF EQUAL PROTECTION BASED ON RACIALLY DISCRIMINATORY INTENT IN VIOLATION OF THE FOURTEENTH AMENDMENT

40.

The Plaintiff repeats and re-allege Paragraphs one (1) through thirty-nine (39) as if expressly set forth at length.

41.

The Fourteenth Amendment to the United States Constitution provides that no State shall deprive any person of equal protection of the laws.

42.

Based upon race-based criteria, Defendants jointly and/or individually initiated the traffic stop of Warren Beaulah's vehicle in which Mr. Walker was a passenger in violation of Mr. Walker's right to equal protection. Defendants jointly and/or individually intended to discriminate against the class of African-Americans, including Kenneth B. Walker.

15

43.

When Deputy Glisson pulled Kenneth B. Walker from the vehicle and executed him by firing two (2) bullets into his head, Kenneth B. Walker suffered a violation of his federally protected right against the deprivation of his right to equal protection of laws by the State.

44.

Because Kenneth B. Walker posed no serious danger to the Defendants or to any member of the public at the time Deputy Glisson executed him, Deputy Glisson's conduct in executing Kenneth B. Walker was reckless, deliberately indifferent and objectively unreasonable. His actions constituted a deprivation of Kenneth B. Walker's right to equal protection in violation of the Fourteenth Amendment to the United States Constitution.

45.

Plaintiff therefore is entitled to recover from these Defendants in their individual capacities. Furthermore, the law under the Fourteenth Amendment in this regard was clearly established so as to pierce any individual Defendant's entitlement to qualified immunity

46.

Because Deputy Glisson initiated the traffic stop of Kenneth B. Walker pursuant to the policies, procedures and customs of the Defendant County, City and supervisory and governmental Defendants, the Defendants individually and in their official capacity were the moving force behind the execution of Kenneth B. Walker.

47.

Upon information and belief, at the time Deputy Glisson executed Kenneth B. Walker, the Defendant Sheriff's employees regularly and customarily violated the rights of suspects, without due process of law, when apprehending them.

48.

The official policies, procedures and customs of the supervisory and governmental Defendants deprived Kenneth B. Walker of his federally protected right to be free from State-sponsored execution without due process of law.

49.

The official policies, procedures and customs of the Defendants directly and proximately caused Kenneth B. Walker's execution.

50.

As a result, Kenneth B. Walker lost his life.

## COUNT II

### 42 U.S.C. § 1983:
### UNLAWFUL SEIZURE UNDER THE FOURTH AMENDMENT

51.

Plaintiff repeats and re-alleges Paragraphs one (1) through fifty (50) as if expressly set forth at length.

52.

Under color of law, Defendants jointly and/or individually stopped the vehicle in which Kenneth Walker was a passenger without any reasonable suspicion to justify an investigative detention.  Nor did Defendants have probable cause to arrest Plaintiff's decedent.

53.

Defendants jointly and/or individually thereby violated Plaintiff's decedent's Fourth Amendment right to be free of unreasonable seizures.

54.

Under Section 1983, Plaintiff therefore is entitled to recover from these Defendants in their individual capacities. Furthermore, the law under the Fourth and Fourteenth Amendments

in this regard was clearly established so as to pierce any individual Defendant's entitlement to qualified immunity.

55.

Because Deputy Glisson unlawfully detained Kenneth B. Walker pursuant to the policies, procedures and customs of the Defendants County, City, Sheriff, and other defendant supervisors, the governmental Defendants were the moving force behind the violation of Kenneth B. Walker's Fourth Amendment right to be free from unreasonable seizures.

## COUNT III

### 42 U.S.C. § 1983:
### EXCESSIVE USE OF FORCE UNDER THE FOURTH AMENDMENT

56.

Plaintiff repeats and re-allege Paragraphs one (1) through fifty-five (55) as if expressly set forth at length.

57.

Defendant Glisson intentionally acquired physical control over Kenneth Walker.

58.

Deputy Glisson's fatal shooting of Kenneth B. Walker was reckless, objectively unreasonable and constituted an excessive use of force in violation of the Fourth Amendment to the United States Constitution.

59.

Kenneth B. Walker suffered a violation of his federally
protected rights prohibiting the State's use of excessive force,
because Kenneth B. Walker posed no danger to the Defendants or
to any member of the public at the time Deputy Glisson shot and
killed him.

60.

Deputy Glisson knew, or should have known, that his conduct
in shooting Kenneth B. Walker violated the clearly established,
constitutional rights of Kenneth B. Walker.

61.

Deputy Glisson shot Kenneth B. Walker with callous and
reckless indifference to Kenneth B. Walker's federally protected
right to be free from unreasonable seizures.

62.

As a result of Deputy Glisson's use of excessive force,
Kenneth B. Walker lost his life.

63.

Because Deputy Glisson fatally shot Kenneth B. Walker
pursuant to the policies, procedures and customs of the
Defendants County, City, Sheriff, and other defendant
supervisors, the Defendants jointly and/or individually were the

moving force behind the violation of Kenneth B. Walker's Fourth Amendment right to be free from State-sponsored excessive force.

64.

At the time Deputy Glisson fatally shot Kenneth B. Walker, the Defendants regularly and customarily employed a policy of utilizing excessive force and unlawful violence in apprehending citizens.

65.

The official policies, procedures and customs of the Defendants deprived Kenneth B. Walker of his federally protected right to be free from State-sponsored excessive force and unlawful violence.

66.

The official policies, procedures and customs of the Defendants directly and proximately caused Kenneth B. Walker's fatal and unlawful shooting.

67.

As a result of Defendants' excessive use of force, Kenneth B. Walker lost his life.

## COUNT IV

**42 U.S.C. § 1983: DELIBERATE INDIFFERENCE IN THE FAILURE TO TRAIN AND SUPERVISE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS**

68.

Plaintiff repeats and re-alleges Paragraphs one (1) through sixty-seven (67) as if expressly set forth at length.

69.

The Defendants knowingly, recklessly and with deliberate indifference failed to adequately instruct, train, discipline and supervise Deputy Glisson in the proper use of firearms in the performance of his duties as a law enforcement officer.

70.

The Defendants knowingly, recklessly and with deliberate indifference failed to provide Defendants with the proper instruction, training and supervision required to seize and apprehend Kenneth B. Walker without using violence, firearms and excessive force.

71.

The Defendants knowingly, recklessly and with deliberate indifference failed to instruct, train, supervise and control members of the task force and the special response team on use of confidential information and probable cause issues as well as in lawful seizures and the proper use of force.

22

72.

The Defendants, by failing to adequately instruct, train, supervise and control Deputy Glisson and the various members of the task force and special response team, directly and proximately caused Kenneth B. Walker's death.

73.

The Defendants by failing to adequately instruct, train, discipline, supervise and control Deputy Glisson directly and proximately caused the deprivation of Kenneth B. Walker's federally protected rights, most notably his right to be free from unreasonable search and seizure under the Fourth Amendment, and his right to life and liberty under the Fourteenth Amendment.

74.

All the failures addressed in this Count resulted from the official policies, procedures and customs of the Defendants.

75.

The official policies, procedures and customs of the Defendant, Sheriff, directly and proximately caused the constitutional injuries suffered by Kenneth B. Walker, most notably his right to be secure in his person from unreasonable

search and seizure under the Fourth Amendment, as applied to the States by the Fourteenth Amendment.

76.

As a result of the Defendants' unlawful policies and customs, Kenneth B. Walker lost his life.

**<u>COUNT V</u>**

**VIOLATION OF 42 U.S.C. §1985:**
**CONSPIRACY**

77.

Plaintiff repeats and re-alleges Paragraphs one (1) through seventy-six (76) as if expressly set forth at length.

78.

The governmental and individual defendants acted in combination and in concert with others to commit the unlawful and unconstitutional acts of illegally arresting, detaining, and shooting Plaintiff, thereby resulting in Plaintiff's injury.

79.

The defendants reached an understanding to deny Plaintiff's decedent of his constitutional rights by agreeing to undertake his arrest and promote his detention utilizing inappropriate and fraudulent means and acting in bad faith for the purpose of depriving Plaintiff of the equal protection of the law.

80.

As a result of the Defendants' conspiracy to deprive Plaintiff of his right to equal protection, they are liable pursuant to 42 U.S.C. § 1985, as well as under 42 U.S.C. § 1988 for Plaintiff's reasonable attorney's fees.

## COUNT VI

**STATE LAW CLAIM**
**WRONGFUL DEATH OF KENNETH WALKER BY GLISSON**

81.

Plaintiff repeats and re-alleges Paragraphs one (1) through eighty (80) as if expressly set forth at length.

82.

On December 10, 2003, in the County of Muscogee, State of Georgia, Deputy Glisson willfully, wantonly, maliciously, intentionally and unlawfully killed Kenneth B. Walker by use of excessive force.

83.

The willful, wanton, malicious, intentional and wrongful act of Deputy Glisson was the proximate cause of Kenneth B. Walker's death in violation of Georgia statutory law and the Georgia Constitution.

## COUNT VII

### STATE LAW CLAIMS
### FALSE ARREST, FALSE IMPRISONMENT, ASSAULT AND BATTERY, FAILURE TO PROVIDE MEDICAL CARE

84.

Plaintiff repeats and re-alleges Paragraphs one (1) through eighty-three (83) as if expressly set forth herein at length.

85.

Defendants illegally and willfully arrested and/or detained Kenneth B. Walker.

86.

The actions of Defendants also constitute the torts of assault and battery and failure to protect Kenneth B. Walker.

87.

Additionally, at the said time and place, Deputy Glisson and the other defendants left Kenneth B. Walker helplessly on the ground, conscious and bleeding from the head for at least two minutes without medical attention or assistance.

88.

Deputy Glisson owed a duty to Kenneth B. Walker to offer assistance to the gun shot wounds to Mr. Walker's head.

89.

Deputy Glisson breached his duty of care by discharging his firearm and/or failing to offer assistance to Mr. Walker's bleeding head.  As a result, Kenneth B. Walker lost his life.

## COUNT VIII

### DAMAGES COMMON TO ALL COUNTS

90.

The said Kenneth B. Walker, who was thirty-nine years of age at the time of his death, suffered a complete destruction of his capacity to carry on and enjoy life's activities, including the destruction of his earning capacity, consequently Kenneth Walker's estate has suffered a loss of enjoyment of life as contemplated under Georgia law.

91.

As a further result of the said death of the decedent, Kenneth B. Walker, plaintiff has incurred considerable expense for decedent's funeral and burial.

92.

The said Kenneth B. Walker left surviving him his widow, Cheryl Walker, age thirty-five and a daughter, Kayla Walker, age 4, both of whom were dependent on him for support, guidance, comfort, solace, advice and protection.

93.

Kenneth B. Walker was a kind, affectionate and devoted husband who was constantly interested in the welfare of his wife.  He was in excellent physical health, worked hard and regularly, and devoted his earning to the care, support, and maintenance of his wife and daughter.

94.

The said Kenneth B. Walker was employed at Blue Cross-Blue Shield for fifteen years.  Mr. Walker supported his wife according to his means, and provided her with a comfortable home at 5339 Rockwell Court, Columbus, Georgia in which to live. During the remainder of his life, in all probability, Kenneth B. Walker would have continued to aid, support, comfort, advise and council his wife.

95.

It is reasonably anticipated that during the remaining years of his life, Kenneth B. Walker would have contributed substantially toward the support of his wife, had it not been for his tragic and untimely death.

96.

By reason of Defendant's willful, malicious and wrongful act, decedent's minor child, Kayla Walker, has been deprived of

the aid, association, support, protection, comfort, care and society of her father and her respective share in such estate as her father might have reasonably accumulated during her natural life expectancy.

97.

By reason of Defendant's willful, malicious, and wrongful act, Cheryl Walker and Kayla Walker have been deprived of their husband and father's love, affection, guidance, support, and maintenance, which they would have continued to receive but for the untimely and tragic death of Kenneth B. Walker.

98.

Because of the untimely death of Kenneth B. Walker proximately caused by the use of excessive force of the Defendant, the decedent's wife and child have been damaged by loss of the support and maintenance contributions from Kenneth Walker's earnings, and by loss of his care, council and advice, to the extent of One Hundred Million ($100,000,000.00) Dollars, interest, costs and any other relief this court determines is appropriate.

**DEMAND FOR ATTORNEY'S FEES AND COSTS**

As a result of the acts, omissions and wrongs perpetrated by the Defendants, the Plaintiff had to hire the services of

attorneys to address the constitutional injuries suffered by the decedent, Kenneth B. Walker. The Plaintiff has incurred, and will continue to incur, attorney's fees and costs. Pursuant to 42 U.S.C. §1988 and O.C.G.A. § 13-6-11, the Plaintiff demands recovery of all reasonable attorneys fees and costs from the Defendants, arising from this particular action from those counts applicable.

### DEMAND FOR JURY TRIAL

The Plaintiff demands trial by twelve (12) person jury on each claim alleged, and on all issues triable as a matter of right by jury.

### DAMAGES DEMAND

**WHEREFORE**, for all these counts alleged above, the Plaintiff demands judgment against the Defendants, for compensatory and punitive damages in the amount of $100,000,000.00 (one hundred million dollars), interest, costs, and all other relief that the Court deems fit.

Respectfully Submitted,

**GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON & SPERANDO, P.L.**

221 E. Osceola Street
Stuart, FL 34994
(772) 283-8260 (Tel)
(772) 463-4319 (FAX)    _s/William C. Campbell_____
William C. Campbell
Georgia Bar No. 107150

**CRUSER & MITCHELL, LLP**

Peachtree Ridge, Suite 750
3500 Parkway Lane
Norcross, Georgia 30092   __s/William T. Mitchell_____
(404-881-2622(TEL)       WILLIAM T. MITCHELL
(404-881-2630(FAX)       Georgia Bar No. 513810

                         Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of May, 2005, I electronically filed **AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

> James C. Clark, Jr., Esq.
> Thomas F. Gristina
> Page, Scranton, Sprouse, Tucker & Ford, P.C.
> 1111 Bay Avenue, Third Floor
> Columbus, GA 31901
>
> Clifton C. Fay, Esq.
> Jaimie B. DeLoach, Esq.
> P. O. Box 1340
> Columbus, GA 31902
> Attorneys for Defendants Sheriff Johnson and Muscogee County
>
> Richard C. Hagler, Esq.
> 927 3rd Avenue
> Columbus, GA 31901
> Attorney for Defendant Glisson

This 13th day of May, 2005.

> <u>_s/William T. Mitchell</u>
> William T. Mitchell
> Georgia Bar No. 513810